UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HERBERT A. SAFFELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:18CV1504 HEA |
| | ) |
| ANNE PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of Herbert A. Saffell, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $20.20. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $100.98, and an average monthly balance of $46.66. The Court will therefore assess an initial partial filing fee of $20.20, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Anne Precythe (the Director of the Missouri Department of Corrections ("MDOC")), and Stanley Payne (the ERDCC warden). Plaintiff sues the defendants in their official and individual capacities.

Plaintiff's claims stem from a single assault that occurred in August of 2017. According to the complaint, plaintiff was assigned to a cell with another offender who had a history of violence against other inmates, including cellmates. "[A]fter many requests to staff to be moved," plaintiff was violently assaulted by offender Derrick Hubbard. (Docket No. 1 at 3). In correspondence attached to the complaint, plaintiff indicates that the assault occurred after he and Hubbard had been cellmates for approximately two weeks. Plaintiff alleges that "[t]his

would not have occurred had the Defendant(s) not have failed in their duties to protect me." *Id.* at 4. Plaintiff also claims that Precythe and Payne are liable to him because they failed to train their subordinates. Attached to the complaint are copies of plaintiff's handwritten correspondence, including: (1) a letter to Case Workers discussing his use of the prison grievance procedure; (2) a letter advising the MDOC General Counsel that he intended to file a § 1983 action but was willing to resolve his claims internally; and (3) a letter to the U.S. Department of Justice stating that his civil rights were violated when he was housed with Hubbard.

Plaintiff states he suffers ongoing physical and mental damage due to the assault. As relief, he seeks early release from the MDOC, or a transfer to prison in Florida to serve the remainder of his sentence. He also seeks $1.5 million in damages.

**Discussion**

To the extent plaintiff seeks early release, the complaint is subject to dismissal. Federal habeas corpus, not § 1983, is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement, and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In addition, plaintiff has no constitutional right to placement in any particular prison facility, *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985), and this Court cannot order the MDOC to transfer plaintiff to a Florida prison.

Plaintiff's official capacity claims against Precythe and Payne will be dismissed. Plaintiff makes no viable claim of injunctive relief against Precythe or Payne, and his claims for monetary relief against these State of Missouri actors are legally frivolous. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (naming a state government actor in his or her

4

official capacity is the equivalent of naming the government entity that employs the official; neither a State nor its officials acting in their official capacity are "persons" under § 1983).

The Court now turns to plaintiff's individual capacity claims. Plaintiff claims that Precythe and Payne (along with an unspecified number of unidentified MDOC staff members) violated his constitutional rights when they failed to protect him from the August 2017 assault. The Eighth Amendment imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners. *Perkins v. Grimes,* 161 F.3d 1127, 1130 (8th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 833 (1994)). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. *Id.* (internal citations omitted). Therefore, a prison official violates the Eighth Amendment if he or she "acts with deliberate indifference to a substantial risk of harm to the prisoner." *Perkins,* 161 F.3d at 1130 (citing *Farmer,* 511 U.S. at 834).

Deliberate indifference has both an objective and a subjective component. The objective component requires the prisoner to demonstrate a substantial risk of serious harm, and the subjective component requires the prisoner to show that the official had a culpable state of mind; that is, that he actually knew of, but disregarded, that risk. *Blades v. Schuetzle*, 302 F.3d 801, 803 (8th Cir. 2002) (quoting *Perkins*, 161 F.3d at 1130). With respect to the subjective component, the official must be aware of facts from which he could infer the existence of a substantial risk of serious harm, and he must also draw the inference. *Farmer*, 511 U.S. at 837. The Eighth Amendment is not violated when an official fails "to alleviate a significant risk that he should have perceived but did not." *Id.* at 838.

Here, plaintiff simply alleges that Hubbard had a history of violence against other inmates. Nowhere in the complaint or the attached correspondence does plaintiff allege facts tending to show that Precythe, Payne or any staff members were aware of facts from which they could infer the existence of a substantial risk of serious harm to plaintiff, and that they drew that inference. While plaintiff alleges he asked unspecified staff members to move him, he does not allege that he mentioned Hubbard when making those requests. Plaintiff does not allege that he and Hubbard had any history of conflict, either before they were cellmates or at any time during the two weeks they were cellmates before the assault. While plaintiff is not required to allege and prove the defendants specifically knew about or anticipated the precise source of harm, he is required to allege more than a general risk of violence that is inherent in prison life. *See Curry v. Crist*, 226 F.3d 974, 978 (8th Cir. 2000) (prison officials "are not required to segregate indefinitely all inmates whose original crimes suggest they might be capable of further violence"); *see also Baker v. Pettis Cty. Jail*, 2007 WL 4289693, *7 (W.D. Mo. Nov. 28, 2007) (the reality is that inmates do not always get along; therefore, inmate's generalized statements that he was not getting along with other inmates and had been harassed and threatened were insufficient to establish the defendant official had sufficient knowledge of a substantial risk of serious harm). Plaintiff's allegations establish, at most, that Precythe, Payne or a staff member should have, but did not, perceive a significant risk. However, such allegations do not state an Eighth Amendment claim. *See Farmer,* 511 U.S. at 838; *see also Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (explaining, in a failure to protect case, that "deliberate indifference includes something more than negligence ... it requires proof of a reckless disregard of the known risk."). Having thoroughly reviewed and liberally construed plaintiff's allegations, the

Court concludes that he has failed to state a failure-to-protect claim against Precythe or Payne, or any staff member.

Plaintiff also alleges that Precythe and Payne are liable to him because they failed to properly train their subordinates. Supervisors are not liable under § 1983 for constitutional violations of subordinates under a *respondeat superior* theory. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). A supervisor can be liable for a constitutional violation if he or she directly participated in the wrongful conduct, or if his or her failure to train or supervise the offending actor caused the deprivation. *Parrish v. Ball*, 594 F.3d 993, 1001 n. 1 (8th Cir. 2010). The plaintiff must show that the supervisor was deliberately indifferent to, or tacitly authorized, the offending acts. *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). This requires showing that the supervisor had notice that the training procedures and supervision were inadequate, and likely to result in a constitutional violation. *Id.*

Here, plaintiff alleges that, as the director of the MDOC, Precythe "failed in her individual and official capacity to ensure that the subordinates (under her control and direction) were properly trained so that the policies, procedures, rules and regulation put in place were adhered at could/would have protected me from the assault." (Docket No. 1 at 4). He also alleges that "[a]s the Warden [illegible] and in accordance policies Defendant Payne failed to ensure that the subordinate(s) under his supervision were properly trained in policies, procedure, rules and regulation so that the assault on me would have never occurred. This makes defendant Payne responsible in both his individual as well as official capacity." *Id.*

As discussed above, plaintiff's allegations fall short of alleging any constitutional violation, and there can therefore be no claim against Precythe or Payne for any failure to train leading to one. *See Royster v. Nichols,* 698 F.3d 681, 692 (8th Cir. 2012) (without a

7

constitutional violation by a subordinate, there can be no § 1983 liability for failure-to-train or failure-to-supervise); *see also Sanders v. City of Minneapolis, Minn.*, 474 F.2d 523, 527 (8th Cir. 2007) (same). In addition, plaintiff has failed to allege facts to support his claims. Nowhere in the complaint or the attached correspondence does plaintiff allege facts tending to show that Precythe or Payne had notice that their subordinates were inadequately trained, and that this was likely to result in a constitutional violation. Instead, plaintiff sets forth the "threadbare recitations of the elements of a cause of action, supported by mere conclusory statements" that are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. The Court therefore concludes that plaintiff has failed to state a claim of failure-to-train against Precythe or Payne.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $20.20. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in

good faith.

Dated this 30th day of October, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE